NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted August 8, 2017*
Decided August 10, 2017

Before

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

| | |
|---|---|
| No. 17-1456 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| JAMES MCQUILLEN, *Plaintiff-Appellant,* | |
| *v.* | No. 15 C 9953 |
| PETSMART, INC., *Defendant-Appellee.* | Robert W. Gettleman, *Judge*. |

**Order**

James McQuillen did not show up for work on April 14, 2014, or let PetSmart, his employer, know that he was not coming. He did not appear the next day either, or the next. Responding to a call from PetSmart on April 15, McQuillen's wife said that her husband was home in bed, drunk and unconscious. On April 17 McQuillen's sister persuaded McQuillen's wife to allow him to be taken to a hospital. There he was treated for major depressive disorder, anxiety disorder, and alcoholism. He had been diagnosed

---

* The case was set for oral argument on August 8, but both parties waived their right to participate.

with those conditions before starting work at PetSmart, but he never told his employer about them, and his absences took PetSmart by surprise. He was fired under a company rule providing that missing two consecutive days' work, without notice, constitutes abandonment of the job.

McQuillen contends that the discharge violates his rights under the Family and Medical Leave Act, 29 U.S.C. §§ 2601–54. The FMLA does not prevent employers from enforcing attendance policies, see *Gilliam v. United Parcel Service, Inc.*, 233 F.3d 969, 972 (7th Cir. 2000), but requires them to honor proper requests for leave. The district court granted summary judgment for PetSmart, observing that substance abuse justifies FMLA leave only if it is being treated, see *Darst v. Interstate Brands Co.*, 512 F.3d 903, 908 (7th Cir. 2008), which it was not until McQuillen reached the hospital on April 17, and that McQuillen had not requested FMLA leave, as the statute requires. 2017 U.S. Dist. LEXIS 22815 (N.D. Ill. Feb. 16, 2017).

The first of the district court's reasons is not conclusive, because McQuillen's medical problem was not simply substance abuse. His conditions included major depressive disorder, and his depression led him to attempt suicide by drinking. But the statutory notice requirement is an insuperable obstacle. Employees must both request leave and give advance notice when the need for leave is foreseeable. 29 U.S.C. §2612(e); *Byrne v. Avon Products, Inc.*, 328 F.3d 379, 381 (7th Cir. 2003). McQuillen contends that an unconscious person cannot give notice, advance or otherwise. But that's the wrong perspective. He could have told PetSmart about his problems and their potential to occasion time off the job, but he did not do so. And before starting to drink heavily he could have given notice. He was not suffering from a sudden-onset medical problem of the kind discussed in *Byrne*. His conditions are chronic, but he chose to keep PetSmart in the dark. All his employer knew—all it could have known—was that McQuillen did not show up for multiple days running and was drunk at home. That would not have suggested to a reasonable employer either a request or a need for FMLA leave to treat major depression. It suggested only voluntary substance abuse.

AFFIRMED